| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| AARON DALTON,<br><br>*Plaintiff,*<br><br>v.<br><br>LAMPLIGHTER SQUARE, LLC,<br><br>*Defendant.* | Case No. _____<br><br>Case Type: <u>14 (Other Civil)</u><br><br>**SUMMONS** |

THIS SUMMONS IS DIRECTED TO **Lamplighter Square, LLC.**

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    Padraigin L. Browne (MN Bar # 389962)
    Browne Law LLC
    8530 Eagle Point Blvd, Suite 100
    Lake Elmo, MN 55042

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____        April 18, 2018_____
Plaintiff's attorney's signature        Dated

Padraigin L. Browne (MN Bar # 389962)
Browne Law LLC
8530 Eagle Point Blvd, Suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| AARON DALTON,<br><br>*Plaintiff,*<br><br>v.<br><br>LAMPLIGHTER SQUARE, LLC,<br><br>*Defendant.* | Case No. _____<br><br>Case Type: 14 (Other Civil)<br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Aaron Dalton, by and through the undersigned counsel, brings this action against Defendant Lamplighter Square, LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant owns and operates the multi-tenant commercial building known as "Lamplighter Square", which to the extent was constructed and first occupied after January 26, 1993 or was altered after January 26, 1993 was required to be designed and constructed to be readily accessible to persons with disabilities. To the extent "Lamplighter Square" was not constructed or altered before January 26, 1993, it was required to remove barriers to access to the extent barrier removal was readily achievable. "Lamplighter Square" contains architectural barriers to accessibility.

2. The violations alleged in this complaint occurred at "Lamplighter Square", located at 2700 Douglas Drive N, Crystal MN 55422.

3. Defendant's failure to provide equal access to "Lamplighter Square" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendant's conduct constitutes an ongoing and continuous violation of the law.

5. Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA. This Court has concurrent jurisdiction over the federal cause of action.

7. Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Aaron Dalton is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected

class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

9. Mr. Dalton suffers from Cerebral Palsy, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is substantially limited in major life activities, including standing and walking. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Lamplighter Square, LLC, a Minnesota limited liability company, is the owner and operator of the real property and improvements which are the subject of this action, the multi-tenant commercial building known as "Lamplighter Square", a place of public accommodation within the meaning of the ADA, located at the street address of 2700 Douglas Drive N, Crystal MN 55422.

## FACTUAL BACKGROUND

11. On March 31, 2018, Plaintiff Dalton attempted to visit "Lamplighter Square" in Crystal, Minnesota. "Lamplighter Square" is a multi-tenant commercial building with tenants such as Crystal Cafe & Grill, Old Fashioned Donut Shoppe, Great Look For Hair, Delicious Chow Mein, Liquor Barrel, and Pizza Man.

12. Upon arrival, Plaintiff found approximately 170 total parking spaces in the "Lamplighter Square" customer parking lot and 3 spaces reserved for persons with disabilities.

13. The 3 parking spaces reserved for persons with disabilities were not reserved as accessible parking spaces through posted signage.

14. The parking space reserved for persons with disabilities on the side of the building near Great Look For Hair lacked an adjacent access aisle.

15. The parking space reserved for persons with disabilities located at the north end of the parking lot was not reserved through posted signage and had a triangular access aisle.

16. The curb ramp providing access to the building from the reserved parking space at the north end of the parking lot was diagonal, projected into the vehicular way, and had no landing at the top of the curb ramp.

17. Parking spaces reserved for persons with disabilities were not dispersed throughout the parking lot, even though each tenant business had its own entrance.

18. Plaintiff found 0 van accessible parking spaces in the "Lamplighter Square" customer parking lot.

19. Photographs in Exhibit A to this Complaint depict the parking spaces reserved for persons with disabilities in the "Lamplighter Square" customer parking lot as they as they appeared on March 31, 2018.

20. Plaintiff lives in Burnsville, Minnesota and frequently travels throughout Minnesota, including Crystal.

21. In light of the architectural barriers at "Lamplighter Square", Plaintiff Dalton is deterred from visiting "Lamplighter Square" in the future. Plaintiff Dalton would like to be able to patronize "Lamplighter Square", but these architectural barriers deter him from doing so. He plans to return and patronize "Lamplighter Square" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

22. Plaintiff Dalton attempted to access Defendant's premises but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result

of Defendant's non-compliance with the ADA, Plaintiff Dalton cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

23. The architectural barriers alleged in this complaint also violate Minnesota Human Rights Act, Minn. Stat. Chapter 363A. Notice of the architectural barriers at "Lamplighter Square" as required under Minn. Stat. 363A.331, subd. 3, is hereby given and attached as Exhibit B to this complaint.

## FACTUAL ALLEGATIONS

24. Defendant has discriminated against Plaintiff Dalton on the basis of his disabilities by failing to comply with the requirements of the ADA, the ADAAG, with regard to "Lamplighter Square". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Lamplighter Square" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. The "Lamplighter Square" customer parking lot had approximately 170 total parking spaces, but had 0 parking spaces complying with ADAAG 502, instead of the required 6, in violation of ADAAG 208.2. Plaintiff requires accessible parking spaces which comply with all elements of 502 (including location, width, length, signage, slope, and presence of an access aisle) to ensure he can park safely, make a safe transfer between his vehicle and the parking lot, and travel safely between the parking lot to the building entrance.

   b. The 3 parking spaces reserved for persons with disabilities lacked posted signage designating them as accessible spaces, in violation of ADAAG 216.5 and 502.6. Improperly posted or missing signage creates the risk of someone

inadvertently parking in the parking space, makes it difficult to find accessible parking, and hinders the ability of law enforcement to enforce parking laws and regulations

c. The 1 parking space reserved for persons with disabilities located to the west of Great Look For Hair lacked an adjacent access aisle, in violation of ADAAG 502.2. In order to be a compliant access aisle, the access aisle must comply 502.3 governing access aisles, and with the sloping requirements of 502.4. Plaintiff uses a wheelchair for mobility and needs a safe place to transfer between his vehicle and the parking lot.

d. The parking space reserved for persons with disabilities at the north end of the parking lot had a triangular access aisle that tapered to a point less than 60 inches wide, in violation of ADAAG 502.3. In order to be a compliant access aisle, the access aisle must comply 502.3 governing access aisles, and with the sloping requirements of 502.4. Plaintiff uses a wheelchair for mobility and needs a safe place to transfer between his vehicle and the parking lot.

e. The curb ramp providing access to the "Lamplighter Square" building from the north reserved parking space was diagonal and projected directly into the vehicular way, in violation of ADAAG 206.2.1 and 406.6.

f. The curb ramp providing access to the "Lamplighter Square" building from the north reserved parking space lacked a landing at the top of the curb ramp, in violation of ADAAG 406.4 and required Plaintiff to turn on the curb ramp, creating cross slopes steeper than 1:48, in violation of ADAAG 405.3. Plaintiff uses a wheelchair for mobility and requires a landing at the top of a curb

ramp to safely travel between the parking lot and the sidewalk surrounding the building.

g. The parking spaces reserved for persons with disabilities in the "Lamplighter Square" customer parking lot were not evenly dispersed to provide accessible routes to the entrances of the multiple tenant businesses, in violation of ADAAG 208.3.1.

h. The "Lamplighter Square" customer parking lot had 0 van parking spaces complying with ADAAG 502, rather than the required 1, in violation of ADAAG 208.2.4. Plaintiff travels in a wheelchair van and requires van parking spaces to make safe transfers to the parking lot.

25. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Lamplighter Square". To qualify as an accessible parking facility and for a parking space to qualify an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502 – including, but not limited to, 502.4 which governs the floor or ground surfaces of both parking spaces and access aisles

26. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Lamplighter Square" in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG.

27. Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 to the extent the facility was designed and constructed, or

altered, after January 26, 1993, and the violations to the ADAAG requirements are not a result of compliance being structurally impracticable. 28 C.F.R § 36.401(a)(1).

28.  In the alternative, to the extent any architectural elements were constructed prior to that date, compliance with the ADA standards, the ADAAG, is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards, the ADAAG, is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces 28 C.F.R. § 36.304(b).

29.  As a person with a disability, Plaintiff Dalton has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

30.  Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Lamplighter Square" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

31.  Plaintiff incorporates and realleges the above paragraphs.

32.  Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns,

leases (or leases to), or operates a place of public accommodation.

33. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

34. Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Dalton has been denied full and equal access to "Lamplighter Square" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

35. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

36. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Dalton, even though removing the barriers was required and is readily achievable.

37. Plaintiff Dalton plans to visit "Lamplighter Square" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Lamplighter Square" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

38. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Lamplighter Square" readily

accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Lamplighter Square" until such time as Defendant cures the access barriers.

39. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court award nominal damages.

c. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 or as otherwise provided by law; and

e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: April 18, 2018

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
Browne Law LLC
8530 Eagle Point Blvd, Suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, the undersigned hereby acknowledges that monetary and other sanctions may be imposed for presenting a position to the Court that is unwarranted or for an improper purpose, as more fully defined in that statute.

Date: <u>April 18, 2018</u>

By: _____

Padraigin L. Browne (MN Bar #389962)

# EXHIBIT A





# EXHIBIT B